Bernard R. Given II (State Bar No. 134718)
bgiven@frandzel.com
Hal D. Goldflam (State Bar No. 179689)
hgoldflam@frandzel.com
Faye C. Rasch (State Bar No. 253838)
frasch@frandzel.com
FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 Wilshire Boulevard
Seventeenth Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577

Attorneys for Creditor Hanmi Bank

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GOMES ENTERPRISES, LLC d/b/a A TO Z METALS,<br><br>Alleged Debtor. | CASE No. 2:10-bk-14738-RN<br><br>Chapter 11<br><br>**HANMI BANK'S OPPOSITION TO ALLEGED DEBTOR'S EMERGENCY MOTION FOR ORDER APPROVING STIPULATION (1) AUTHORIZING CONTINUED USED OF FUNDS; AND (2) GRANTING OF POST-PETITION LIENS AND ADEQUATE PROTECTION TO SECURED LENDER**<br><br>DATE:  February 24, 2010<br>TIME:  10:00 a.m.<br>CRTRM.: 1652<br>    255 E. Temple Street<br>    Los Angeles, CA 90012 |

Creditor, Hanmi Bank ("Hanmi") respectfully submits this Opposition to the Emergency Motion for Order Approving Stipulation etc. ("Motion") filed by GOMES ENTERPRISES, LLC, d/b/a A to Z METALS, the Alleged Chapter 11 Debtor and Debtor in Possession herein ("Debtor"), as follows:

I.

**PRELIMINARY STATEMENT**

Hanmi holds a claim against Gomes Enterprises, LLC ("Debtor") in an amount of not less than $10,097,031.44 in principal, plus interest, pursuant to certain Guaranty Agreements and Security Agreements executed in connection with loans made by Hanmi to SLE Metals, Inc. ("Indebtedness"). The Indebtedness is secured by a junior position lien on certain of the Debtor's cash and other assets in accordance with the Security Agreements. The Debtor has defaulted on its obligations to Hanmi. The Debtor was not responsive to repeated requests by Hanmi to resolve this outstanding Indebtedness. Hanmi was further made aware that the Debtor was not paying its other debts as they came due and that substantial federal and state tax liens had be filed against the Debtor. See Declaration of Faye C. Rasch filed simultaneously herewith. Hanmi is thus concerned that its collateral is in danger of being dissipated. This is especially true in light of the Debtor's intercompany obligations and movement of cash and assets between the various affiliated entities. The Debtor's structure and financial condition coupled with the Debtor's failure to respond to Hanmi's attempts to resolve the defaults suggests that the supervision of the Bankruptcy Court is required to monitor use/misuse of creditors' collateral. Therefore, to protect its interests, on February 10, 2010, Hanmi filed an Involuntary Petition in accordance with section 303 of the Bankruptcy Code. No order for relief has yet been entered.

By its Motion, the Debtor asks the Court for emergency relief to use significant amounts of money which may, in part, constitute Hanmi's cash collateral, pursuant to a Stipulation by and between the Debtor and one of its senior secured creditors, U.S. Bank.

The Debtor argues that Hanmi is unsecured given a lack of sufficient remaining equity in the personal property collateral that secures the Indebtedness (specifically that after payment is made to the senior secured creditor, U.S. Bank, there will be nothing left for Hanmi). However, absent a valuation determination, there can be no certainty that Hanmi is in fact under secured or

fully unsecured. Therefore, until such determination is made, Hanmi should be afforded the right to protect its interest in cash collateral and the right to monitor its use by the Debtor.[1] The proposed Stipulation affords the right to monitor the cash collateral used by the Debtor solely to the Debtor's senior secured creditor, U.S. Bank. This will work an inequity on Hanmi because Hanmi will have no control or knowledge of the particulars of the use of its cash collateral.

The Motion includes budgets and projections, but neither truly make clear how funds will be used. Further the use of these funds are contingent upon adequate protection and additional liens being provided to U.S. Bank. Clearly the use of these funds without Hanmi's supervision and the additional liens granted to U.S. Bank will serve to deteriorate Hanmi's collateral. Until such time that a valuation determination is made, Hanmi should be viewed as a secured creditor. As such Hanmi should be afforded the opportunity to protect its cash collateral. Since the Stipulation and Motion provide no such opportunity, the Motion should be denied.

## II.

## ARGUMENT

**A.    Applicable Law.**

The term "cash collateral" means cash and cash equivalents in which the estate and an entity other than the estate have an interest, whether existing before or after the commencement of a case. See 11 U.S.C. § 363(a).

Title 11 of the United States Code ("Bankruptcy Code") section 363(c) provides that a debtor may use cash collateral in the ordinary operation of its business only under certain enumerated conditions, as follows:

> (2) The trustee may not use, sell, or lease cash collateral ... unless -
>
>   (A) each entity that has an interest in such cash collateral
>        consents; or

---

[1] Hanmi reserves the right to supplement the arguments set forth in this Opposition, which was prepared over the weekend in response to the Debtor's Emergency Motion.

677639.1 | 041150-0121                3

HANMI BANK'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR ORDER APPROVING STIPULATION ETC.

(B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section.

11 U.S.C. § 363(c)(1), (2).

Section 363(e) provides that the Court "with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e). Adequate protection means the protection of the value of the creditor's collateral, while the creditor is stayed from enforcing its rights to foreclose or otherwise realize value from such collateral. See 11 U.S.C. § 361 (1), (2), (3) (adequate protection protects against "decrease in the value of such entity's interest in such property."); see also In re Townley, 256 B.R. 697, 700 (Bankr. D.N.J. 2000) ("right of a secured creditor to the value of its collateral is a property right protected by the Fifth Amendment. Before the plan is confirmed, that property right is protected by the requirement of Code section 361.")

Taken together, a Debtor may obtain authorization to use cash collateral **only** to the extent such use does not decrease the value of the creditor's interest in collateral. If the Debtor's business operations will reduce the value of the creditor's interest in its collateral, then use of cash collateral is impermissible, absent the provision adequate protection to the creditor in accordance with Section 361. At a contested hearing, the debtor bears the burden with respect to adequate protection. The creditor has the burden of proof on the issue of validity, priority and extent of its interest in collateral. See 11 U.S.C. § 363(p).

As is set forth above and as is admitted in the Debtor's motion, Hanmi holds valid liens against certain of the Debtor's cash and other assets. Notwithstanding the Debtor's assertion that there is no remaining equity in the collateral for Hanmi, until such valuation is proven, Hanmi must be treated as a secured creditor and be provided assurance of the protection of its collateral.

The Debtor has failed to meet its burden to show adequate protection of Hanmi's interest in its collateral. See 11 U.S.C. § 363(p). The Motion simply dismisses Hanmi as an unsecured creditor which is inappropriate. Use of cash collateral is appropriate only where a debtor demonstrates that such use will not erode the secured creditor's interest in collateral. The Debtor has failed to meet this burden.

## III.

## CONCLUSION

For all of the reasons set forth herein, Hanmi respectfully requests that the Court deny the Debtor's Motion.

DATED: February 21, 2010

FRANDZEL ROBINS BLOOM & CSATO, L.C.
BERNARD R. GIVEN II
HAL D. GOLDFLAM
FAYE C. RASCH

By: /s/ BERNARD R. GIVEN, II
BERNARD R. GIVEN, II
Attorneys for HANMI BANK

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920
(323) 852-1000

677639.1 | 041150-0121

5

HANMI BANK'S OPPOSITION TO DEBTOR'S EMERGENCY MOTION FOR ORDER APPROVING STIPULATION ETC.