1 | SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
    A Limited Liability Partnership
2 |    Including Professional Corporations
   | DAVID J. MCCARTY, Cal. Bar No. 77346
3 | THEODORE A. COHEN, Cal. Bar No. 151427
   | 333 South Hope Street, 43rd Floor
4 | Los Angeles, California 90071-1422
   | dmccarty@sheppardmullin.com
5 | tcohen@sheppardmullin.com
   | Telephone:   213-620-1780
6 | Facsimile:    213-620-1398

7 | Attorneys for Secured Creditor U.S. Bank
   | National Association

8 |

9 | UNITED STATES BANKRUPTCY COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | LOS ANGELES DIVISION

12 |

13 | In re

14 | Gomes Enterprises, LLC,

15 |                    Debtor.

Case No. 10-14738-RN

Involuntary Chapter 7

**STIPULATION BETWEEN SECURED CREDITOR U.S. BANK NATIONAL ASSOCIATION AND ALLEGED DEBTOR GOMES ENTERPRISES, LLC FOR CONTINUED USE OF FUNDS AND GRANTING OF LIENS AND ADEQUATE PROTECTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 303(f), 361, 362 AND 549(b)**

23 | This Stipulation between Secured Creditor U.S. Bank National Association

24 | and the Alleged Debtor Gomes Enterprises, LLC For Continued Use of Funds and

25 | Granting of Liens and Adequate Protection Pursuant to Bankruptcy Code Sections 105,

26 | 303(f), 361, 362 and 549(b) (the "Stipulation") is entered into by and between alleged

27 | debtor Gomes Enterprises, LLC dba A to Z Metals("Alleged Debtor") and secured creditor

28 | U.S. Bank National Association ("U.S. Bank") with reference to the following facts:

1

**FACTS**

2    **Involuntary Petition**

3            A.    On February 10, 2010 (the "Petition Date"), Hanmi Bank, as sole

4    petitioning creditor, filed an involuntary bankruptcy petition against Alleged Debtor,

5    thereby commencing this bankruptcy case (the "Case").  An order for relief has not been

6    entered in the Case.

7

8    **U.S. Bank Loans**

9

10            **B.**    Pursuant to a Term Loan Agreement dated as of December 16, 2004 (as amended

11    from time to time, "Term Loan Agreement A") by and between the Alleged Debtor and U.S. Bank,

12    U.S. Bank made a loan to the Alleged Debtor.  The loan is evidenced by, among other things, that

13    certain Term Note dated December 16, 2004 made payable to U.S. Bank in the stated principal

14    amount of $875,000 and issued pursuant to Term Loan Agreement A (as such note has been

15    amended from time to time, "Term Note A").  Term Loan Agreement A and Term Note A were

16

17    amended by that certain Amendment to Loan Agreement and Note dated as of May 22, 2007.

18            C.    Pursuant to a Term Loan Agreement dated as of August 30, 2005 (as amended from

19    time to time, "Term Loan Agreement B") by and between the Alleged Debtor and U.S. Bank, U.S.

20    Bank made a loan to the Alleged Debtor.  The loan is evidenced by, among other things, that

21    certain Term Note dated August 30, 2005 made payable to U.S. Bank in the stated principal

22    amount of $500,000 and issued pursuant to Term Loan Agreement B (as such note has been

23    amended from time to time, "Term Note B").  Term Loan Agreement B and Term Note B were

24    amended by that certain Amendment to Loan Agreement and Note dated as of May 22, 2007.

25

26

27

28

1    D.    Pursuant to an Amended and Restated Credit Agreement dated as of October 16,

2    2006 (as amended from time to time, "Credit Agreement"; and together with Term Loan

3    Agreement A and Term Loan Agreement B, collectively, the "Gomes Loan Agreements"), U.S.

4    Bank agreed to make certain loans to the Alleged Debtor.  The Credit Agreement was amended by

5    those certain amendments dated as of March 28, 2007; May 29, 2007; September 19, 2007;

6    December 12, 2007; December 28, 2007; February 27, 2008; August 22, 2008; September 23,

7    2008; and January 13, 2009 (the "Amendments").

8

9    E.    The loans made pursuant to the Credit Agreement are evidenced by, among other

10   things, (i) that certain Equipment Refinance Term Note dated December 12, 2007 made payable to

11   U.S. Bank in the stated principal amount of $1,200,000 and issued pursuant to the Credit

12   Agreement (as such note has been amended from time to time, "Term Note C"), (ii) that certain

13   Revolving Credit Note dated January 13, 2009 made payable to U.S. Bank in the stated principal

14   amount of $18,400,000 and issued pursuant to the Credit Agreement (as such note has been

15   amended from time to time, the "Revolving Note"), (iii) that certain Term Note dated December

16   28, 2007 made payable to U.S. Bank in the stated principal amount of $2,549,998 and issued

17   pursuant to the Credit Agreement (as such note has been amended from time to time, "Term Note

18

19   D"); and (iv) that certain 2008 Term Note dated September 23, 2008 made payable to U.S. Bank

20   in the stated principal amount of $675,000 and issued pursuant to the Credit Agreement (as such

21   note has been amended from time to time "2008 Term Note").

22

23   F.    Term Note A, Term Note B, Term Note C, Term Note D, the Revolving Note and

24   the 2008 Term Note are hereinafter collectively referred to as the "Notes".

25

26   G.    To secure performance of its obligations under the Gomes Loan Agreements and

27   Notes, the Alleged Debtor made, executed and delivered to U.S. Bank an Amended and Restated

28

1   Business Security Agreement dated as of October 16, 2006 (the "Security Agreement").  The

2   Security Agreement grants a security interest in the personal property described therein (the

3   "Collateral").

4

5          H.      U.S. Bank properly perfected its security interest as described in the Security

6   Agreement by, among other things, filing a Uniform Commercial Code financing statement with

7   the California Secretary of State on December 15, 2003 as document no. 03-35360858, which was

8   duly continued by the filing of a continuation statement on July 7, 2008 as document no. 08-

9   7164110 (as amended and/or continued from time to time, the "Financing Statement").

10

11         I.      To further induce U.S. Bank to make the above-referenced loans (the "Loans"), the

12  Loans were guaranteed by the guarantors described below:

13

14              (i)              Unlimited Metals guaranteed the Loans pursuant to that certain

15                               Amended and Restated Corporate Guarantee Agreement dated as of

16                               October 16, 2006 by Unlimited Metals in favor of U.S. Bank (the

17                               "Corporate Guarantee"). To secure performance of its obligations

18                               under the Corporate Guarantee, Unlimited Metals made, executed

19                               and delivered to U.S. Bank a General Business Security Agreement

20                               dated as of October 16, 2006 (the "Unlimited Metals Security

21                               Agreement").

22

23              (ii)             To further induce U.S. Bank to make the Loans, Steve Hwang

24                               executed an Amended and Restated General Guarantee dated as of

25                               October 16, 2006 in Bank's favor (the "Hwang Guarantee"); Sam

26                               Lee executed an Amended and Restated General Guarantee dated as

27

28

1    of October 16, 2006 in Bank's favor (the "Lee Guarantee"); and

2    David Gomes executed an Amended and Restated General

3    Guarantee dated as of October 16, 2006 in U.S. Bank's favor (the

4    "David Gomes Guarantee")  Steve Hwang, Sam Lee and David

5    Gomes are sometimes collectively referred to herein as, the

6    "Individual Guarantors.".

7

8    (iii)    The David Gomes Guarantee, Lee Guarantee and Hwang Guarantee are

9    collectively referred to as the "Individual Guarantees", and together with the Corporate

10   Guarantee, are referred to as the "Guarantees".

11

12   J.    The Gomes Loan Agreements, Notes, Security Agreement, Financing Statement,

13   Guarantees, Unlimited Metals Security Agreement, Unlimited Metals Financing Statement and

14   any other documents executed in connection therewith are referred to herein as the "Loan

15   Documents".

16

17   K.    Events of Default under the Loan Documents exist.

18

19   L.    On July 30, 2009 and August 5, 2009, U.S. Bank notified the Alleged Debtor by

20   letter of a default and accelerated all of the obligations owing to U.S. Bank.

21

22   M.    At the request of the Alleged Debtor, U.S. Bank agreed to forbear

23   from exercising its default rights and remedies pursuant to a Forbearance Agreement dated

24   as of August 10, 2009 (the " Forbearance Agreement") among the Alleged Debtor, certain

25   others and U.S. Bank (a copy of which is attached hereto as exhibit "A"), which generally

26   provided for the following:

27

28

1.      All of Alleged Debtor's collections would be deposited into a blocked account at U.S. Bank.

2.      U.S. Bank would release funds from the blocked account and permit them to be used by Alleged Debtor so long as, among other things, the overadvance[1] did not increase from a baseline level, the outstanding amount of the revolving credit note was reduced by $3,000 per day (which U.S. Bank was permitted to deduct from the collection account), and principal and interest payments to U.S. Bank were kept current.

3.      If the overadvance increased from the baseline, U.S. Bank could apply funds from the collection account to reduce the overadvance to the baseline level.

N.      Pursuant to the Forbearance Agreement, the foregoing arrangement was to continue until the earlier of September 30, 2009 or the occurrence of a forbearance default.  Although that date has passed, the parties generally continued to operate pursuant to the terms described in the Forbearance Agreement until the Petition Date, except that the baseline overadvance level has decreased.

O.      By reason of the overadvance and other events of default under the Forbearance Agreement, the Debtor is not entitled to use any cash or collections, and U.S. Bank is entitled to exercise its rights and remedies as a secured party, including taking possession of, collecting, applying and disposing of its collateral from the Alleged Debtor. However, the automatic stay under 11 U.S.C. section 362 prevents U.S. Bank from doing

---

[1] The overadvance was measured based upon collateral of both the Alleged Debtor and an affiliate, Unlimited Metals, Inc..

1  so.  In the meantime, U.S. Bank has placed an administrative freeze on Alleged Debtor's

2  deposit accounts at U.S. Bank pending the approval of this Stipulation.[2]

3

4        P.     Notwithstanding 11 U.S.C. § 303(f), U.S. Bank is concerned that its

5  interest in the Collateral will be diluted  if (i) the Alleged Debtor sells, collects, and uses

6  the proceeds of U.S. Bank's collateral without providing U.S. Bank a replacement lien on

7  post-Petition Date assets, or (ii) Alleged Debtor utilizes cash and collections to pay pre-

8  petition obligations, both of which would have the effect of reducing U.S. Bank's

9  collateral without generating post-Petition Date collateral in return. U.S. Bank has

10  requested and is entitled to adequate protection for its interest in the collateral.

11

12        Q.     To provide protection for U.S. Bank's interest in the Collateral, the

13  Alleged Debtor and U.S. Bank have agreed that, during the time periods provided herein,

14  the Alleged Debtor shall use cash and collections only in the manner permitted by the

15  terms of the Forbearance Agreement as modified herein, and that the provisions of the

16  Forbearance Agreement shall continue to apply on a post-Petition Date basis, all on the

17  terms and conditions set forth herein.

18

19        R.     Entering into this Stipulation and entry of an order approving this

20  Stipulation are in the best interest of the Alleged Debtor's creditors, as implementing the

21  Stipulation will, among other things, provide funds necessary for the Alleged Debtor's

22  operations.

23

24

25

26  [2] The Alleged Debtor does not challenge the validity of the administrative freeze, and, in

27     light the parties having entered into this Stipulation, U.S. Bank shall not be obligated to file a motion for relief from the automatic stay with respect to the frozen accounts.

28

1    S.    This Court has jurisdiction over this Case pursuant to 28 U.S.C.

2    §§ 157(b) and 1334.  Consideration of this Stipulation and the motion seeking approval

3    thereof constitutes a core proceeding as defined in 28 U.S.C. § 157(b)(2).  This Court has

4    the authority to enter an order approving this Stipulation pursuant to 11 U.S.C. §§ 105,

5    303(f), 361, 362 and 549(b).

6

7                            **STIPULATION**

8    NOW, THEREFORE, the Alleged Debtor and U.S. Bank hereby stipulate as

9    follows:

10

11    1.    **Incorporation.**  All of the provisions contained in Facts A-I are true

12    and correct and are expressly incorporated herein by reference.

13

14    2.    **Forbearance Agreement.**  The Forbearance Agreement[3] is

15    incorporated herein by this reference and shall apply effective as of the Petition Date until

16    the Termination Date (as hereinafter defined), and the Alleged Debtor shall comply and

17    continue to comply with all of its obligations thereunder, with the following additions and

18    changes:

19

20    a.    The automatic stay imposed by 11 U.S.C.§362 shall be

21    modified to permit U.S. Bank to take all actions to implement this Stipulation except for

22    exercising its rights and remedies against Alleged Debtor or its assets on account of any

23    default under the Forbearance Agreement or this Stipulation.

24

25

26

_____

27    [3] Capitalized terms used but not defined in this Stipulation shall have the same meanings
          as used in the Forbearance Agreement.

28

W02-WEST:1TAC1\402489472.3                  -8-                          STIPULATION

1       b.   The Alleged Debtor shall close its existing general account at

2 U.S. Bank and open a new general account at U.S. Bank, which new general account shall

3 be the account into which any funds the Alleged Debtor is permitted to use pursuant to the

4 Forbearance Agreement shall be deposited. Any funds in the existing general account shall

5 be transferred to the new general account.[4]

6

7       c.   The Alleged Debtor shall not pay any pre-Petition Date

8 obligations, other than as set forth in the Budget approved by U.S. Bank (as defined in

9 paragraph 2d below).

10

11       d.   The Alleged Debtor may use funds, and pay pre-Petition Date

12 obligations, only in accordance with the budget attached hereto as <u>Exhibit B</u> (and such

13 modifications thereto or supplements thereto for subsequent periods, but in each case only

14 if and to the extent approved in writing by U.S. Bank in its sole and absolute discretion)

15 (collectively, the "Budget"), and shall at all times operate within the Budget, subject only

16 to cumulative variances after the Petition Date of no more than 15% for aggregate income,

17 15% for each expenditure line item, and 10% for aggregate expenditures, in each case

18 unless otherwise agreed in writing by U.S. Bank in its sole and absolute discretion.

19 Alleged Debtor shall provide U.S. Bank with weekly reports, on or before Tuesday of each

20 week, reflecting weekly and cumulative post-Petition Date results and variances from the

21 Budget, with the same level of detail as the Budget.

22

23       e.   All references to "the Consolidated Overadvance set forth in

24 the Consolidated Baseline Borrowing Base Certificate" shall be changed to "$9,794,000,

25 less $3000 per day (Monday through Friday) after February 12, 2010.

26

---

27 [4] The references to "Collateral Account" and "Cash Collateral Account" in the
   Forbearance are intended to be synonymous.

28

1         3.    **Adequate Protection.** As adequate protection under Bankruptcy

2  Code §§ 361 and 362 for, and to secure repayment by the Alleged Debtor to U.S. Bank of

3  the amount of, (i) any cash used by Alleged Debtor after the Petition Date in which U.S.

4  Bank how or hereafter has a security interest or lien (including pursuant to the adequate

5  protection lien granted herein), and (ii) any decrease in the aggregate value of U.S. Bank's

6  interest in the Collateral and the proceeds thereof from that existing on the Petition Date,

7  but subject to the terms of the Carve Out set forth in paragraph 4 below (collectively the

8  "Collateral Usage"), the Alleged Debtor hereby grants U.S. Bank a continuing security

9  interest and lien upon, and a right of setoff against, and Alleged Debtor hereby pledges and

10  assigns to U.S. Bank: (i) all of the Alleged Debtor's pre-petition and post-Petition Date

11  personal property assets; (ii) all products and proceeds thereof in whatever form and

12  wherever located, including, without limitation, all insurance proceeds and all claims

13  against third parties for loss or destruction of damage to any such assets or any portion

14  thereof; and (iii) avoidance actions pursuant to 11 U.S.C. §549 (collectively, the

15  "Adequate Protection Collateral"). Without limiting the foregoing, the Adequate

16  Protection Collateral includes without limitation the assets described in the Security

17  Agreement, a copy of which is attached hereto as Exhibit C, and all provisions of the

18  Security Agreement shall apply to the Adequate Protection Collateral. At the request of

19  U.S. Bank, at any time and from time to time, the Alleged Debtor shall execute and deliver

20  or cause to be executed and delivered to U.S. Bank, such agreements, documents and

21  instruments, and do or cause to be done such further acts, as U.S. Bank, in its discretion,

22  deems necessary or desirable to create, preserve, perfect or validate any security of interest

23  of U.S. Bank in the Adequate Protection Collateral and otherwise to effectuate the

24  provisions and purposes of this Stipulation. U.S. Bank may, but shall not be required to,

25  file any Uniform Commercial Code financing statements and record any additional

26  documents in any jurisdiction or take any other or further action to obtain, validate or

27  perfect the security interests and liens in the Adequate Protection Collateral. The foregoing

28  lien and security interest is and shall be a valid and perfected first priority security interest

1  in the Adequate Protection Collateral, regardless of whether U.S. Bank obtains a separate

2  security agreement or pledge agreement or files any financing statement.

3

4          4.      **Professional Fee Carve Out**.  U.S. Bank agrees that in the event that

5  the Termination Date occurs before the full payment by the Alleged Debtor of the fees and

6  expenses of its professionals, Rutter Hobbs & Davidoff, Incorporated, and MLP

7  Consulting as set forth on the Budget (the "Budgeted Professional Fees"), any portion of

8  the Budgeted Professional Fees that has not been paid may be paid from the Collateral or

9  Adequate Protection Collateral.

10

11         5.      **Order Approving Stipulation.**  This Stipulation is conditioned upon

12  approval, without substantive modification, by the Bankruptcy Court by an order in form

13  and content approved by U.S. Bank ("Interim Order") pursuant to Bankruptcy Code

14  §§ 105, 303(f), 361, 362, and 549(b) and all other applicable law. Upon entry of the

15  Interim Order, this Stipulation shall be effective as of the Petition Date.  If the Stipulation

16  is approved only on an interim basis in the Initial Order, then within 15 days after entry of

17  the Initial Order a hearing shall be held to consider final approval of the Stipulation

18  pursuant to a final order in form and content approved by U.S. Bank (the "Final Order",

19  and together with the Initial Order, collectively the "Order").

20

21         6.      **Effectiveness of Stipulation.**  Notwithstanding paragraph 5 above,

22  upon execution of this Stipulation by the Alleged Debtor the lien granted to U.S. Bank

23  pursuant to Section 3 hereof shall be effective immediately for the purpose of securing

24  repayment of the Cash Usage, regardless of whether either or both of the Initial Order and

25  the Final Order are ever entered.  The Alleged Debtor agrees not to use U.S. Bank's

26  Collateral except as set forth in the Budget  and the Alleged Debtor represents and

27  warrants that it has not used any of the same since the Petition Date.

28

1    7.    **No 506(c) Surcharge.** No surcharge or other claim whatsoever shall

2  be asserted or imposed against the Collateral, the Adequate Protection Collateral, and/or

3  the respective proceeds thereof, either directly or indirectly, pursuant to section 506(c) of

4  the Bankruptcy Code or otherwise.

5

6    8.    **No Priming Liens.** As long as any portion of the Obligations

7  remains unpaid, no order shall be entered in this Case or any subsequent Chapter 7 or 11

8  case which authorizes under any section of the Bankruptcy Code, including Bankruptcy

9  Code Sections 105 or 364, the granting of any lien or security interest in any of the

10  Collateral or Adequate Protection Collateral that is entitled to priority over or parity with

11  any of U.S. Bank's liens or security interests.

12

13    9.    **Termination Date.** Alleged Debtor's right to obtain release of and

14  use funds pursuant to the Forbearance Agreement and this Stipulation shall terminate upon

15  the earliest to occur of the following (unless extended by mutual written agreement of the

16  Alleged Debtor and U.S. Bank, in which case no further order shall be necessary for such

17  extension) (the date of such termination being referred to herein as the "Termination

18  Date"): (i) March 31,, 2010; (ii) such time that an order for relief is entered in this Case or

19  this Case is dismissed; (iii) any breach by the Alleged Debtor of the Alleged Debtor's

20  covenants, agreements or other obligations under this Stipulation; (iv) the occurrence of

21  any Forbearance Default under the Forbearance Agreement (except to the extent that such

22  default is a continuance of a default that existed on or before the Petition Date); (v) 15

23  days after the entry of the Initial Order, if the Initial Order was on an interim basis and the

24  Final Order has not been entered; (vi) the appointment of a trustee, or an examiner with

25  expanded powers in this Case; (vii) any order is entered staying, reversing, or modifying

26  this Stipulation, the Initial Order or the Final Order; or (viii) Alleged Debtor institutes or

27  files a pleading, an adversary proceeding, contested matter, or any other motion, or

28  proceeding challenging, seeking to avoid, recover, disallow or subordinate against

1  U.S. Bank, whether before this Court or any other court, the Obligations, the Loans, the

2  Loan Documents, U.S. Bank's security interest in the Collateral or the Adequate Protection

3  Collateral, U.S. Bank's liens, or any payments made to applications of funds by U.S. Bank

4  on account of the Obligations (whether under this Stipulation or otherwise). From and

5  after the Termination Date, the Alleged Debtor (including in its capacity as a debtor-in-

6  possession, if the Case is converted to Chapter 11) shall no longer utilize any cash in

7  which U.S. Bank has a security interest or lien unless and until the Alleged Debtor obtains

8  U.S. Bank's written consent or an order of the Bankruptcy Court after a hearing on notice

9  to U.S. Bank.

10

11          10.      **Alleged Debtor Shall Operate in Ordinary Course of Business.**

12  The Alleged Debtor shall use its best efforts to operate its business in the ordinary course

13  of business and in an appropriate manner to maintain value and goodwill. The Alleged

14  Debtor shall take all steps to ensure that it is in compliance with applicable laws and shall

15  use its best efforts to preserve the value and existence of the Collateral and the Adequate

16  Protection Collateral.

17

18          11.      **Stipulation Binding on Successors; Liens and Reduction of**

19  **Obligations Unavoidable.** The provisions of this Stipulation and the Order, including

20  without limitation the liens and security interests granted herein, shall survive any

21  dismissal of this Case or the confirmation of any Chapter 11 plan (except to the extent

22  modified by such plan), and shall be binding upon and inure to the benefit of the Alleged

23  Debtor, U.S. Bank, and their respective successors and assigns, including any chapter 11 or

24  7 trustee or other fiduciary hereafter appointed in this case as a legal representative of the

25  Alleged Debtor or the Alleged Debtor's estate; provided, however, that no trustee or

26  fiduciary for the Alleged Debtor may obtain or use funds pursuant to this Stipulation or the

27  Order. Without limiting the generality of the foregoing, all of the liens, security interests

28  and adequate protection granted herein, shall not be avoidable under any law, including

1   without limitation Bankruptcy Code § 549(a). U.S. Bank is giving post-Petition Date

2   value to the Alleged Debtor by agreeing to permit cash in which it has a security interest to

3   be used, which value exceeds the amount of any post-Petition Date transfers that U.S.

4   Bank has received or will receive, and therefore the parties acknowledge and agree that the

5   terms of this Stipulation meet the elements of Bankruptcy Code § 549(b).

6

7          12.    **Reservation of Rights.** Except to the extent set forth herein,

8   entering into this Stipulation and the entry of an Order is without prejudice to, and does not

9   constitute a waiver of, expressly or implicitly, or otherwise impair: (a) (i) any of the rights

10  of U.S. Bank under the Bankruptcy Code or under non-bankruptcy law, including, without

11  limitation, the right of U.S. Bank to (i) request additional adequate protection of its interest

12  in the Collateral or relief from or modification of the automatic stay extant under

13  Section 362 of the Bankruptcy Code, and (ii) request dismissal of this Case or assert that

14  this Case was not properly filed under Bankruptcy Code Section 303; (ii) any other rights,

15  claims or privileges (whether legal, equitable or otherwise) of U.S. Bank; or (b) any of the

16  rights of the Alleged Debtor under the Bankruptcy Code or under non-bankruptcy law.

17

18         13.    **Time of Essence.** Time is of the essence of this Stipulation.

19

20         14.    **Integration.** This Stipulation sets forth the entire agreement between

21  the parties with regard to the subject matter hereof. All agreements, covenants,

22  representations and warranties, express or implied, oral and written, of the parties with

23  regard to the subject matter hereof are contained herein. No other agreements, covenants,

24  representations or warranties, express or implied, oral or written, have been made by either

25  party to the other with respect to the subject matter of this Stipulation. All prior and

26  contemporaneous conversations, negotiations, possible and alleged agreements and

27  representations, covenants, and warranties with respect to the subject matter hereof are

28  waived, merged herein and therein and superseded hereby and thereby. This is an

1    integrated agreement.  Notwithstanding the foregoing, the pre-petition loan and security

2    documents and other written pre-petition agreements between the parties remain

3    unmodified except as previously amended in writing or as expressly modified herein.

4

5            15.    **No Modification Unless in Writing.**  No modification, amendment

6    or waiver of any of the provisions of this Stipulation shall be effective unless evidenced by

7    a writing signed by all the parties.

8

9            16.    **Counterparts.**  This Stipulation may be executed in any number of

10    counterparts, which taken together shall be deemed to be the original.

11

12            IN WITNESS WHEREOF, Alleged Debtor and U.S. Bank have caused this

13    Stipulation to be executed as of February __, 2010.

14

15                              Gomes Enterprises, LLC

16

17                              By:_____

18                              Name:_____

19                              Its:_____

20

21

22

23

24

25

26

27

28

U.S. Bank National Association

By:_____

Name:_____

Its:_____

APPROVED AS TO FORM AND CONTENT:

RUTTER, HOBBS & DAVIDOFF

By:_____
    Brian Davidoff
    David Joe
    Attorneys for Alleged Debtor
    Gomes Enterprises, LLC

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By:_____
    David J. McCarty
    Theodore A. Cohen
    Attorneys for U.S. Bank National Association

## CONSENT AND REAFFIRMATION BY GUARANTORS

Each of the undersigned guarantors consents to the foregoing Stipulation and agrees that none of the foregoing shall release or otherwise impair their existing guaranties of the obligations of the Alleged Debtor to U.S. Bank (and, in the case of Unlimited Metals, Inc., the security interests and liens it granted to U.S. Bank to secure its guaranty), and reaffirms such guaranty (and, in the case of Unlimited Metals, Inc., such security interests and liens.)

Unlimited Metals, Inc., a California corporation

By:_____

Name:_____

Its:_____


_____
David F. Gomes


_____
Sam Kuk Lee


_____
Seong (Steve) Joon Hwang

| In re:<br>GOMES ENTERPRISES, LLC<br><br>Debtor(s). | CHAPTER  7<br><br>CASE NUMBER 10-14738-RN |
| --- | --- |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 1901 Avenue of the Stars, Suite 1700, Los Angeles, California 90067

A true and correct copy of the foregoing document described **STIPULATION BETWEEN SECURED CREDITOR U.S. BANK NATIONAL ASSOCIATION AND ALLEGED DEBTOR GOMES ENTERPRISES, LLC FOR CONTINUED USE OF FUNDS AND GRANTING OF LIENS AND ADEQUATE PROTECTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105, 303(f), 361, 362 AND 549(b)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **March 4, 2010,** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:
Hal Goldflam:          hgoldflam@frandzel.com
Bernard Given:         bgiven@frandzel.com
Laine Mervis:          lmervis@frandzel.com
David J. McCarty:      DMcCarty@sheppardmullin.com
Theodore Cohen:        TCohen@sheppardmullin.com
Jeffrey Broker:        jbroker@brokerlaw.biz
OUST:                  ustpregion16.la.ecf@usdoj.gov

II. **SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On **March 4, 2010,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☒ Service information continued on
attached page

III. **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 4, 2010, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.
VIA HAND DELIVERY
Honorable Richard Neiter
United States Bankruptcy Court
255 East Temple Street, Courtroom 1652
Los Angeles, CA 90012

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| March 4, 2010 | JAN REINGLASS | *Jan Reinglass* |
| --- | --- | --- |
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1**

| In re:<br>GOMES ENTERPRISES, LLC | CHAPTER  7 |
|---|---|
| Debtor(s). | CASE NUMBER 10-14738-RN |

## ADDITIONAL SERVICE LIST VIA U.S. MAIL

COUNSEL FOR US BANK
David J. McCarty, Esq.
Sheppard Mullin Richter & Hampton
333 South Hope Street, 48th Floor
Los Angeles CA 90071

GE CAPITAL
PO Box 31001-0275
Pasadena, CA 91110

All Met Recycling
1401 N. Miller St.
Anaheim, CA  92806

Q-METAL
Union Center Bldg., #905, 837-11
    Yoksam-Dong, Kangnam-Ku,
Seoul, Korea

Arrow Recycling Solutions
12410 Wilkie Ave
Hawthorne, CA  90250

Custom Alloy Light Metals
13329 Ector Street
City of Industry, CA  91746

Aluminum Precision Products
3333 W. Warner Ave.
Santa Ana, CA  92704

Unlimited Metals
1910 E. Olympic Blvd
Los Angles, CA 90222

Lawrence Equipment
2034 N. Peck Rd.
So. El Monte, CA 91733

Earth Metal Trading, LTd
Unit 2912,29F, West Tower,
ShunTak Cntre
168-200 Connaught Rd. Central
Hongkong

STATE BOARD OF
EQUALIZATION
PO Box 942879
Sacramento, CA 94279-0057

LA TAX 6169 021 037
PO Box 54018
Los Angeles, CA 90054

World Commodities
P.O. BOX 53038
Irvine, CA  92619

NGA
Recicladora California
CALLE MIGUEL HIDAKGO
# 6923 CO.
Loma Bonita, TIJUANA B.C

City of Los Angeles Dept of Wat
    & Power
11797 Truesdale St.
Sun Valley, CA 91352

NGA
ATOZ Metales De Mexico
Carr. Libre Tecate-Tijuana
Tecate Baja,  California

UNIQUE FREIGHT  TRANSPORT
418 E. Banning St.
Compton, CA 90222

Southwest Metals Industries
4708 W. PASADENA AVE.
Glendale, AZ  85301

GENESIS COMMERCIAL
CAPITAL
1450 Channel Parkway
Marshall, MN 56258

Boeing - Long Beach
3460 Cherry Ave
Long Beach, CA 90807

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1